1
2
3
4
5
6
7
8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHRISTOPHER ANDREW STEWART,

11          Petitioner,                    No. CIV 11-cv-0889-LKK-JFM (HC)

12     vs.

13   MIKE MARTEL, *Warden*,

14          Respondent.           FINDINGS & RECOMMENDATIONS

15   _____/

16          Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma

18   pauperis.

19          Examination of the affidavit reveals petitioner is unable to afford the costs of this

20   action.  Accordingly, leave to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

21          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

22   dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to

23   it that the petitioner is not entitled to relief in the district court ...." Rule 4 of the Rules

24   Governing Section 2254 Cases.  The court must summarily dismiss a petition "[i]f it plainly

25   appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

26   the district court...."  Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u>

1    also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a

2    petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting

3    each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the

4    petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory

5    Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at 420.  Allegations in a petition that are

6    vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks, 908

7    F.2d at 491.

8              Further, the Advisory Committee Notes to Rule 8 indicate that the court may

9    dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to

10   the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory

11   Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th Cir.

12   2001).

13             Federal habeas corpus relief is not available for any claim decided on the merits

14   in state court proceedings unless the state court's adjudication of the claim:

15             (1) resulted in a decision that was contrary to, or involved an
                 unreasonable application of, clearly established Federal law, as
16               determined by the Supreme Court of the United States; or

17             (2) resulted in a decision that was based on an unreasonable
                 determination of the facts in light of the evidence presented in the
18               State court proceeding.

19   28 U.S.C. § 2254(d).

20             Under section 2254(d)(1), a state court decision is "contrary to" clearly

21   established United States Supreme Court precedents if it applies a rule that contradicts the

22   governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially

23   indistinguishable from a decision of the  Supreme Court and nevertheless arrives at different

24   result.  Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406

25   (2000)).

26             Under the  "unreasonable application" clause of section 2254(d)(1), a federal

2

1  habeas court may grant the writ if the state court identifies the correct governing legal principle

2  from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the

3  prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ

4  simply because that court concludes in its independent judgment that the relevant state-court

5  decision applied clearly established federal law erroneously or incorrectly. Rather, that

6  application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75

7  (2003) (it is "not enough that a federal habeas court, in its independent review of the legal

8  question, is left with a 'firm conviction' that the state court was 'erroneous.'").

9          The Due Process Clause of the Fourteenth Amendment prohibits state action that

10 deprives a person of life, liberty, or property without due process of law. A litigant alleging a

11 due process violation must first demonstrate that he was deprived of a liberty or property interest

12 protected by the Due Process Clause and then show that the procedures attendant upon the

13 deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson,

14 490 U.S. 454, 459-60 (1989).

15         A protected liberty interest may arise from either the Due Process Clause of the

16 United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

17 expectation or interest created by state laws or policies." Wilkinson v. Austin,  545 U.S. 209,

18 221 (2005) (citations omitted). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).

19 The United States Constitution does not, of its own force, create a protected liberty interest in a

20 parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981);

21 Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or

22 inherent right of a convicted person to be conditionally released before the expiration of a valid

23 sentence."). However, "a state's statutory scheme, if it uses mandatory language, 'creates a

24 presumption that parole release will be granted' when or unless certain designated findings are

25 made, and thereby gives rise to a constitutional liberty interest." Greenholtz, 442 U.S. at 12.

26 See also Allen, 482 U.S. at 376-78.

1 /////

2       California's parole statutes give rise to a liberty interest in parole protected by the

3 federal due process clause. Swarthout v. Cooke, 562 U.S. ___ (2011), No. 10-333, 2011 WL

4 197627, at *2 (Jan. 24, 2011).  In California, a prisoner is entitled to release on parole unless

5 there is "some evidence" of his or her current dangerousness.  In re Lawrence, 44 Cal.4th 1181,

6 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).  However, in

7 Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports

8 converting California's 'some evidence' rule into a substantive federal requirement." Swarthout,

9 2011 WL 197627, at *3.  Rather, the protection afforded by the federal due process clause to

10 California parole decisions consists solely of  the "minimal" procedural requirements set forth in

11 Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why

12 parole was denied." Id. at *2-3.

13       In the petition pending before this court, petitioner asserts that in 1996 he pleaded

14 guilty to murder and was sentenced to fifteen years to life in prison. See Pet. at 1. On June 18,

15 2009, petitioner appeared before the Board of Parole Hearings ("the Board") for a parole

16 consideration hearing. See Doc. No. 1 (Part 1) at 49.  Petitioner appeared at and participated in

17 the hearing. See id.  Following deliberations held at the conclusion of the hearing, the Board

18 announced their decision to deny petitioner parole and the reasons for that decision. Id. (Part 2)

19 at 31-39.

20       Petitioner does not contend that his procedural due process rights were violated

21 and, for the reasons just discussed, cannot reasonably argue as much.  Instead, petitioner

22 contends his substantive due process rights were violated.  Petitioner argues that the Board

23 impermissibly denied parole based on a pre-determined decision and relies on the Board's

24 statement that "[w]e would have came at the decision today no matter what" to show that the

25 Board maintains a policy of determining parole denials prior to parole hearing in violation of his

26 and other similarly situated prisoners' substantive due process rights.  Examination of the

1  /////

2  petition convinces the court that petitioner's claim is precisely that which is foreclosed by

3  Swarthout.

4           Unless a circuit justice or judge issues a certificate of appealability, an appeal

5  may not be taken to the Court of Appeals from the final order in a habeas proceeding in which

6  the detention complained of arises out of process issued by a state court.  28 U.S.C. §

7  2253(c)(1)(A); Miller–El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability

8  may issue only if the applicant makes a substantial showing of the denial of a constitutional

9  right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could

10 debate whether the petition should have been resolved in a different manner or that the issues

11 presented were adequate to deserve encouragement to proceed further.  Miller–El v. Cockrell,

12 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should

13 issue if the petitioner shows that jurists of reason would find it debatable whether the petition

14 states a valid claim of the denial of a constitutional right and that jurists of reason would find it

15 debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel,

16 529 U.S. 473, 483–84 (2000).  In determining this issue, a court conducts an overview of the

17 claims in the habeas petition, generally assesses their merits, and determines whether the

18 resolution was debatable among jurists of reason or wrong. Id.  It is necessary for an applicant to

19 show more than an absence of frivolity or the existence of mere good faith; however, it is not

20 necessary for an applicant to show that the appeal will succeed.  Miller–El v. Cockrell, 537 U .S.

21 at 338.

22          A district court must issue or deny a certificate of appealability when it enters a

23 final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

24          Here, it does not appear that reasonable jurists could debate whether the petition

25 should have been resolved in a different manner.  Petitioner has not made a substantial showing

26 of the denial of a constitutional right.  Accordingly, the court should decline to issue a certificate

of appealability.

/////

       IT IS HEREBY RECOMMENDED that:

       1.  Petitioner's petition for a writ of habeas corpus be dismissed without leave to amend; and

       2.  The court decline to issue a certificate of appealability.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 19, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;stew0889.114